UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY CERRONE and
MARIA CERRONE,

    Plaintiffs,

v.                              Case No.:  2:23-cv-482-SPC-NPM

WALMART STORES EAST, LP,

    Defendant.
                                      /

## **OPINION AND ORDER**

      Before the Court is Plaintiff Anthony Cerrone and Plaintiff Maria Cerrone's Motion to Remand (Doc. 4), along with Defendant Walmart's Response (Doc. 7) and Plaintiffs' Reply (Doc. 12). For the following reasons, the Court denies Plaintiffs' Motion to Remand.

### BACKGROUND

      This is a slip-and-fall case. In January 2022, Plaintiff Anthony Cerrone went to Walmart. He slipped on grapes, landing on his back and right side. (Doc. 4-1 at 3). As a result of this slip and fall, Plaintiff Anthony Cerrone was "severely injured." *Id.*

      Plaintiffs sued Walmart for negligence (Anthony Cerrone) and loss of consortium (Maria Cerrone). The original complaint was filed in state court in March 2023. (Doc. 4-1; Doc. 1-1). Walmart removed this case in June 2023.

(Doc. 1). Now, Plaintiffs move to remand, arguing that Walmart has not established the amount in controversy. (Doc. 4).

## LEGAL STANDARD

A defendant may remove a case from state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). And removal statutes are strictly construed with doubts resolved for remand. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

Federal courts have original jurisdiction over cases with complete diversity and an amount in controversy over $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Where a complaint does "not allege [ ] a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citation

omitted). Ultimately, the question is whether the notice of removal plausibly alleges that "the amount in controversy at the time of removal" exceeds $75,000. *Id.*

## DISCUSSION

Plaintiffs do not dispute diversity of citizenship or the timeliness of removal—they contest only the amount in controversy. (Doc. 4 at 3). Plaintiffs' Complaint alleges damages "that exceed fifty thousand dollars." (Doc. 4-1). So Plaintiffs insist that Walmart's only basis for the amount in controversy is Plaintiffs' pre-suit demand letter which cannot be considered under 28 U.S.C. § 1446(c)(3)(A) in establishing amount in controversy.[1] (Doc. 4 at 4-5).

But Plaintiffs' pre-suit demand letter is not the only thing Walmart relies on to establish the amount in controversy. Walmart has a Response to Request for Admissions in which Plaintiff Anthony Cerrone admits that he is "seeking total alleged damages against [Walmart] which exceeds $75,000, exclusive of interest, costs, and attorneys' fees." (Doc. 7 at 2). While Walmart did not file this Response to Request for Admissions with the Court, Plaintiff Anthony Cerrone has confirmed he submitted this Response. (Doc. 21 at 4) ("[Walmart] based removal at the point the Plaintiff submitted its response to a Request for Admission, which request was slanted to require Plaintiff to

---

[1] Plaintiffs also state that this pre-suit demand "was not an accurate reflection of the value of this case." (Doc. 4 at 2).

3

respond affirmatively, when asked to ADMIT that the case value is more than $75,000.  The Plaintiff in that situation has no recourse to Deny at the Discovery stage").

"Nothing . . . says that a district court must suspend reality or shelve common sense in determining whether the face of the complaint, or other document, establishes the jurisdictional amount [in controversy]." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 770 (11th Cir. 2010) (citing *Roe v. Michelin N. Am., Inc.,* 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)). The question before the Court is whether Walmart has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Given that Plaintiffs have admitted that the amount in controversy exceeds $75,000, the answer is "yes."

Anthony has experienced "serious personal injuries," including "bodily injury," "pain and suffering of body and mind," "loss of capacity for the enjoyment of life," and "expenses of hospitalization, medical and nursing care and treatment." (Doc. 4-1 at 3). And he values his claim—*standing alone*—as worth more than $75,000.[2]

---

[2] There is also a second plaintiff (Maria) with a separate claim (loss of consortium). Maria has "been deprived of the comfort, care, services, advice, and consortium of her husband." (Doc. 4-1 at 4). It appears from the filings that she has refused to estimate damages for her injury, but presumably that claim also has some value. (Doc. 1-5).

4

Of course, Plaintiffs now allege that "[t]he discovery responses are not necessarily intended as an official account or accurate reflection of Plaintiffs' assessment of the value of the case." (Doc. 4 at 5). There are a few problems with this statement. First, "the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka*, 608 F.3d at 751 (quoting *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009)). When Plaintiff Anthony Cerrone affirmatively represented in discovery that he is seeking more than $75,000, he put that amount in controversy. For Plaintiffs to claim one amount in controversy in discovery and then walk it back in a motion to remand would be to "provide plaintiffs with a trick by which they would make federal jurisdiction disappear." *Pretka*, 608 F.3d at 766.

Second, under Fed. R. Civ. P. 26(g)(1), an attorney or party who signs discovery responses "certifies that to the best of the person's knowledge, information, and belief formed after reasonable inquiry . . . with respect to a disclosure, it is *complete and correct* as of the time it is made." Though these discovery responses were served while the case was in state court, Walmart is entitled to rely on Plaintiffs' discovery responses, and so is the Court. *See Pretka*, 608 F.3d at 771 (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, at n.63 (11th Cir. 2007)) ("the removing defendant generally will have no direct

5

knowledge of the value of the plaintiff's claims . . . such knowledge will generally come from the plaintiff herself").

Accordingly, it is now

**ORDERED:**

Plaintiffs Anthony Cerrone and Plaintiff Maria Cerrone's Motion to Remand ([Doc. 4](Doc. 4)) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 20, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

6